IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CRAIG M. KERNS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:06cv39 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| PATTY SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on (1) filing no. 13, the Motion to Dismiss filed by the defendant, Patty Smith; (2) filing no. 14, the defendant's Motion for Stay, and (3) filing no. 22, the Motion to Amend Second Brief in Opposition to Unverified Motion to Dismiss, filed by the plaintiffs, Craig M. Kerns and Barbara A. Kerns. As a preliminary matter, filing no. 22, the plaintiffs' Motion to Amend their Second Brief is granted.

The plaintiffs filed a complaint against Ms. Smith, a state revenue agent employed by the Nebraska Department of Revenue ("NDOR"), in her individual capacity only, for her efforts, on behalf of NDOR, to collect state income taxes from the plaintiffs. The plaintiffs allege violations of their Fourth, Fifth and Fourteenth Amendment rights, extortion, gross negligence, violation of administrative due process and attempt to commit fraud, all because the defendant sought to collect a tax which, had she listened to the plaintiffs and had she read the materials they sent her, she would or should have known was an illegal tax. The plaintiffs seek monetary relief, punitive damages and an injunction permanently enjoining the defendant from further collection activity and affirmatively holding the defendant responsible for her violations of law. It appears from the complaint that the plaintiffs believe wages do not constitute taxable income and that the taxes sought to be collected violate the United States Constitution.

As the defendant points out, the complaint does not state a claim on which relief may be granted in this court, and none of the relief requested by the plaintiffs in this litigation may be recovered. First, wages are indeed income. See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) ("wages are within the definition of income

1

under the Internal Revenue Code and the Sixteenth Amendment, and are subject to taxation"), cert. denied, 510 U.S. 1193 (1994).

Second, courts have consistently rejected the argument that the income tax was not a valid exercise of Congress' authority under the Sixteenth Amendment. See, e.g., United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (noting that "we have rejected, on numerous occasions, the tax-protestor argument that the federal income tax is an unconstitutional direct tax that must be apportioned").[1] See also United States v. Engh, 330 F.3d 954, 955 (7th Cir. 2003) (noting that the defendant "relied on tired – and uniformly rejected -- arguments of the tax protestor movement, including an assertion that the federal tax on income is unconstitutional").

Third, a private citizen who is not a federal prosecutor has no authority to bring criminal charges against anyone in a federal court. In addition, even if the defendant could be subject to criminal prosecution on any basis, the federal criminal statutes on which the plaintiffs rely do not afford them a private cause of action to recover for the alleged violation of federal law by the defendant

Finally, the Tax Injunction Act ("TIA" or "Act"), 28 U.S.C. § 1341, prevents the plaintiffs from obtaining injunctive or declaratory relief against the defendant in this court. 28 U.S.C. § 1341 states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The Act's purposes include protecting the administration of the state's tax system and implementation of the state's tax

---

[1]"[W]e have rejected, on numerous occasions, the tax-protestor argument that the federal income tax is an unconstitutional direct tax that must be apportioned. See, e.g., Lively v. Commissioner, 705 F.2d 1017, 1018 (8th Cir. 1983) (*per curiam*). Likewise, we have held that wages are within the definition of income under the Internal Revenue Code and the Sixteenth Amendment, and are subject to taxation. Denison v. Commissioner, 751 F.2d 241, 242 (8th Cir. 1984) (*per curiam*), cert. denied, 471 U.S. 1069 ... (1985). Appellants' claim that payment of federal income tax is voluntary clearly lacks substance. See Newman v. Schiff, 778 F.2d 460, 467 (8th Cir. 1985). And, finally, we reject appellants' contention that they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation. See United States v. Kruger, 923 F.2d 587, 587-88 (8th Cir. 1991) (rejecting similar argument as 'absurd')." United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993).

policy. Hibbs v. Winn, 124 S. Ct. 2276, 2298 (2004). The "TIA applies to cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes." Id. at 2289. See also National Private Truck Council, Inc. v. Oklahoma Tax Com'n, 515 U.S. 582, 587 (1995):

> Since the passage of § 1983, Congress and this Court repeatedly have shown an aversion to federal interference with state tax administration. The passage of the Tax Injunction Act in 1937 is one manifestation of this aversion. See 28 U.S.C. § 1341 (prohibiting federal courts from enjoining the collection of any state tax "where a plain, speedy and efficient remedy may be had in the courts of such State") .... Later, we held that the Tax Injunction Act itself precluded district courts from awarding such declaratory judgments.

The defendant points out that the plaintiff has available remedies in the state courts of Nebraska under the Nebraska Administrative Procedure Act. The plaintiffs do not deny that the state makes such remedies available. Nor do they claim to have attempted to use them. Thus, the Tax Injunction Act prohibits this court from enjoining the collection of state taxes or rendering a declaratory judgment in favor of the plaintiffs.

THEREFORE, IT IS ORDERED:

1. That filing no. 13, the defendant's Motion to Dismiss, is granted;

2. That filing no. 14, the defendant's Motion for Stay, is denied as moot;

3. That filing no. 22, the plaintiffs' Motion to Amend their Second Brief, is granted; and

4. That judgment will be entered in accordance with this Memorandum and Order.

September 21, 2006.  BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

3